**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
        chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Ricardo Gonzalez**, <br><br> Plaintiff, <br><br> vs. <br><br> **Crystal Epoxy Floor, LLC**, an Arizona Limited Liability Company, **Robert Jimenez and Jane Doe Jimenez**, a married couple, <br><br> Defendants. | No. <br><br> **VERIFIED COMPLAINT** |

Plaintiff, Ricardo Gonzalez ("Plaintiff" or "Ricardo Gonzalez"), sues the Defendants Crystal Epoxy Floor, LLC, and Robert Jimenez and Jane Doe Jimenez, (collectively "Defendants") and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for unpaid minimum wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; unpaid minimum wages under the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S.") Title 23, Chapter 2, Article 8; and

unpaid wages under the Arizona Wage Act ("AWA"), A.R.S. Title 23, Chapter 2, Article 7.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek. See 29 U.S.C § 207.

3. The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

4. The AWA, A.R.S. § 23-350, et seq., establishes standards for wage payments to employees within the State of Arizona.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, et seq. because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and

Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

### **PARTIES**

7. At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

8. At all material times, Crystal Epoxy Floor, LLC was a limited liability company duly licensed to transact business in the State of Arizona. At all material times, Defendant Crystal Epoxy Floor, LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

9. At all relevant times, Defendant Crystal Epoxy Floor, LLC owned and operated as "Crystal Epoxy Floor," a flooring contractor located in Glendale, Arizona.

10. Under the FLSA, Defendant Crystal Epoxy Floor, LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Crystal Epoxy Floor, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to the company's employees, Defendant Crystal Epoxy Floor, LLC is subject to liability under the FLSA.

11. Defendants Robert Jimenez and Jane Doe Jimenez, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Robert Jimenez and Jane Doe Jimenez are owners of Defendant Crystal Epoxy Floor LLC and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

12. Under the FLSA, Defendants Robert Jimenez and Jane Doe Jimenez are employers. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendants Robert Jimenez and Jane Doe Jimenez had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As persons who acted in the interest of Defendant Crystal Epoxy Floor LLC in relation to the company's employees, Defendants Robert Jimenez and Jane Doe Jimenez are subject to individual liability under the FLSA.

13. Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

14. Defendants, and each of them, are sued in both their individual and corporate capacities.

15. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

16. At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

17. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

18. At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

19. The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

20. At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

21. At all relevant times, Defendants were and continue to be "employers" of Plaintiff as defined by A.R.S. § 23-362.

22. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

23. Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

24. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

25. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

26. Plaintiff, in his work for Defendant, regularly handled goods produced or transported in interstate commerce.

**FACTUAL ALLEGATIONS**

27. Defendants own and/or operate as Crystal Epoxy Floor, an enterprise located in Maricopa County, Arizona.

28. Defendant Crystal Epoxy Floor, LLC is a house cleaning company located in Scottsdale, Arizona.

29. Plaintiff was hired by Defendants in or about September 2021 and worked for approximately four months.

30. At all relevant times, Plaintiff worked for Defendants until approximately late December 2021.

31. At all relevant times, in his work for Defendants, Plaintiff worked as a manual laborer.

32. Defendants, in their sole discretion, paid Plaintiff an hourly rate of $18.50.

33. Upon and belief, Plaintiff performed his final two weeks of work in December 2021.

34. Upon information and belief, Plaintiff worked approximately 49.5 hours in his final two weeks of work for Defendants.

35. On or about December 27, 2021, Plaintiff sent a text message to Defendant Robert Jimenez asking when he would be paid for the final two weeks of his employment.

36. Defendant Robert Jimenez responded that day asking how much Plaintiff was owed and acknowledged that he owed Plaintiff wages.

37. On December 30, 2021, Plaintiff again sent a text message to Defendant Robert Jimenez asking when he would be paid.

38. In response, Defendant responded by saying that he had to calculate the amount owing to Plaintiff before he would pay him.

39. When Plaintiff pressed Defendant Robert Jimenez about why he was delaying and not paying him, Defendant Robert Jimenez responded that he wasn't going to pay Plaintiff for all work performed because it was allegedly sub-par.

40. To date, Defendants have not paid Plaintiff any wage whatsoever for his final two weeks, consisting of approximately 49.5 hours.

41. Defendants failed to compensate Plaintiff any wage whatsoever for the hours he spent working for Defendants during his final two workweeks of employment with Defendants.

42. As a result of not having paid any wage whatsoever to Plaintiff during his final two workweeks of employment with Defendants, Defendants failed to pay the applicable minimum wage to Plaintiff.

43. During his employment, Plaintiff was supposed to be paid biweekly.

44. Rather than classify Plaintiff as an employee, on information and belief, Defendants classified him as an independent contractor.

45. Despite Defendants having classified Plaintiff as an independent contractor, Plaintiff was actually an employee, as defined by the FLSA, 29 U.S.C. § 201 et seq.

46. Defendants controlled Plaintiff's schedules.

47. In his work for Defendants, Plaintiff used equipment and tools provided and owned by Defendants.

48. At all relevant times, Plaintiff was economically dependent on Defendants.

49. The following further demonstrate that Plaintiff was an employee:

    a. Defendants had the exclusive right to hire and fire Plaintiff;

    b. Defendants made the decision not to pay Plaintiff his final paycheck;

    c. Defendants supervised Plaintiff and subjected him to Defendants' rules;

    d. Plaintiff had no opportunity for profit or loss in the business;

    e. The services rendered by Plaintiff in his work for Defendants was integral to Defendants' business;

    f. Plaintiff was hired as a permanent employee of Defendants;

    g. Plaintiff had no right to work for competitors of Defendants; and

    h. Plaintiff had no right to refuse work assigned to him by Defendants.

50. At all relevant times, Defendants controlled Plaintiff's schedules.

51. At all relevant times, Plaintiff was economically dependent on Defendants.

52. At all relevant times, Defendants controlled Plaintiff's schedules.

53. As a result of Defendants' failure to compensate Plaintiff any wage whatsoever in the final two workweeks of his employment with Defendants, Defendants violated 29 U.S.C. § 206(a).

54. As a result of Defendants' failure to compensate Plaintiff any wage whatsoever in the final two workweeks of his employment with Defendants, Defendants violated the AMWA, A.R.S. § 23-363.

55. As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for the final two workweeks of his employment with Defendants, Defendants violated the AWA, A.R.S., § 23-351.

56. Plaintiff was a non-exempt employee.

57. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

58. Plaintiff is a covered employee within the meaning of the FLSA.

59. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

60. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

61. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

62. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

63. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for his unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and his costs incurred under A.R.S. § 23-355.

### COUNT ONE: FAIR LABOR STANDARDS ACT
### FAILURE TO PAY MINIMUM WAGE

64. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

65. As a result of not paying Plaintiff any wage whatsoever for the hours he worked in the final two workweeks of his employment with Defendants, Defendants failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

66. Defendant's practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

67. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Ricardo Gonzalez, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated the minimum wage provisions of the FLSA, 29 U.S.C. § 206(a), by failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

### COUNT TWO: ARIZONA MINIMUM WAGE ACT
### FAILURE TO PAY MINIMUM WAGE

68. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

69. As a result of not paying Plaintiff any wage whatsoever for the hours he worked in the final two workweeks of his employment with Defendants, Defendants failed or refused to pay Plaintiff the Arizona minimum wage.

70. Defendant's practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the AMWA, 23-363.

71. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Ricardo Gonzalez, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendant violated the minimum wage provisions of the AMWA, A.R.S. § 23-363, by failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

## COUNT THREE: ARIZONA WAGE ACT
## FAILURE TO PAY WAGES DUE AND OWING

72. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

73. As a result of the allegations contained herein, Defendants did not compensate Plaintiff wages due and owing to her.

74. Defendants engaged in such conduct in direct violation of A.R.S. § 23-350.

75. As such, unpaid wages for such time Plaintiff worked are owed to Plaintiff for the final two workweeks of his employment with Defendants.

76. Plaintiff is therefore entitled to compensation for his unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and his costs incurred.

**WHEREFORE**, Plaintiff, Ricardo Gonzalez, requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated the unpaid wage provisions of A.R.S. § 23-350, et seq., by failing to pay wages due and owing to Plaintiff;

B. For the Court to award an amount that is treble Plaintiff's unpaid wages pursuant to A.R.S. § 23-355, in amounts to be determined at trial;

C. For the Court to award prejudgment and post-judgment interest on any damages awarded;

D. For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action and all other causes of action set forth in this Complaint; and

E. Such other relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

1  RESPECTFULLY SUBMITTED this 22nd day of April, 2022.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II
Christopher J. Bendau
*Attorneys for Plaintiff*

## **VERIFICATION**

Plaintiff, Ricardo Gonzalez, declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and believe, and, as to those matters, he believes them to be true.


Ricardo Gonzalez Naranjo (Apr 24, 2022 22:34 PDT)
Ricardo Gonzalez